UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CR-46 |
| | ) | (PHILLIPS/SHIRLEY) |
| ALFREDO BARBA, | ) | |
| ALEJANDRO BARBA, | ) | |
| VERONICA BELMARES, and | ) | |
| REYNALDO QUIREZ, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court, as may be appropriate. The parties appeared before the Court on October 31, 2008, for a scheduled motion hearing. Assistant United States Attorney Tracee Plowell was present representing the Government. Attorney Phillip Lomonaco was present representing Defendant Alfredo Barba. Attorney Ysidro Arismendez was present representing Defendant Alejandro Barba. Attorney Tracy Jackson Smith was present representing Defendant Veronica Belmares, and Attorney Jonathon Wood was present representing Defendant Reynaldo Quirez. Defendant Alfredo Barba, Defendant Alejandro Barba, Defendant Veronica Belmares ("Defendant Belmares"), and Defendant Reynaldo Quirez ("Defendant Quirez") were present at the hearing.

**A.**  **Motions to Adopt**

As an initial matter at the hearing, the Court addressed Defendant Alfredo Barba and Defendant Quirez's Motions to Adopt Defendant Belmares's Motions [Doc. 93 and 78]. In their

respective motions, Defendant Alfredo Barba and Defendant Quirez move the Court to allow them to adopt motions already filed by Defendant Belmares. Specifically, Defendant Alfredo Barba and Defendant Quirez seek to adopt: Motion for Brady Materials [Doc. 62], Motion for Pretrial Written Summary of Expert Testimony [Doc. 63], Motion for Pretrial Notice of Government's Intent to Use Evidence [Doc. 64], Motion for Discovery and Inspection [Doc. 65], and Motion for Pretrial Notice of Government's Intent to Use 404(b)-Type Evidence [Doc. 66].

At the hearing and in their motions, Defendant Alfredo Barba and Defendant Quirez argued that the Court should allow them to adopt the pending motions because of the similar interests and defenses amongst the co-defendants. Based on the foregoing, the Court finds that the Motions to Adopt Defendant Belmares's Motions **[Doc. 93 and 78]** are well-taken, and therefore, they are **GRANTED**. Defendant Alfredo Barba filed his initial Motion to Adopt as [Doc. 77] and subsequently supplemented the motion, and it was refiled as [Doc. 93]. Because the amended motion [Doc. 93] has been granted, the original motion **[Doc. 77]** is **DENIED AS MOOT**.

B.     Discovery and Pretrial Motions

A number of discovery and pretrial motions were pending at the time of the hearing, including: Defendant Belmares and Defendant Alejandro Barba's Motions for Pretrial Written Summaries of Expert Testimony [Doc. 63 and 71]; Defendant Belmares and Defendant Alejandro Barba's Motions for Pretrial Notice of the Government's Intent to Use Evidence [Doc. 64 and 69]; Defendant Belmares and Defendant Alejandro Barba's Motions for Discovery and Inspection [Doc. 65 and 68]; and Defendant Belmares and Defendant Alejandro Barba's Motions for Pretrial Notice of Use of 404(b)-Type Evidence [Doc. 66 and 70]. Defendant Belmares's motions and Defendant Alejandro Barba's motions are virtually identical, and the analysis of these motions is applicable to

2

Defendant Alfredo Barba and Defendant Quirez through the Court's granting of the Motions to Adopt [Doc. 77, 93, and 78].

At the hearing, Attorney Smith and Attorney Arismendez addressed the pending motions listed above and informed the Court that the motions were filed to insure that discovery was supplied by the Government and to form the record for a possible appeal. All the Defendants agreed that the Government had supplied the Defendants with the requested discovery except for the 404(b) discovery, which the Defendants believe and the Government has confirmed will also be given in a timely manner. In addition, the Defendants acknowledged that the Court's Scheduling Order [Doc. 12] addressed the issues raised in the motions. In light of the Government's compliance with its discovery requirements and the Court's Scheduling Order, the parties agreed that the motions were moot. Accordingly, the Court finds that the motions are moot, and the motions **[Docs. 63, 64, 65, 66, 68, 69, 70, and 71]** are **DENIED AS MOOT**.

In addition to the motions that applied to all four of the Defendants at the hearing, Defendant Belmares had a Motion for Brady Materials [Doc. 62] pending, which Defendant Quirez and Defendant Alfredo Barba have adopted. At the hearing, the Defendants agreed this motion was also moot, in light of the Government's compliance with its discovery requirements and the Court's Scheduling Order. Accordingly, the Court finds that the motion is moot, and the motion **[Doc. 62 ]** is **DENIED AS MOOT**.

Finally, Defendant Alejandro Barba had a Motion for Discovery of Witness Lists [Doc. 74] and a Motion for Discovery of the Government's Use of Informants [Doc. 76] pending. Attorney Arismendez addressed these motions and acknowledged that they were also moot in light of the Government's compliance with its discovery requirements and the Court's Scheduling Order.

3

Accordingly, the Court finds that the motions are moot, and the motions **[Docs. 74 and 76]** are **DENIED AS MOOT**.

C.      **Motions for Bills of Particulars**

Both Defendant Belmares and Defendant Alejandro Barba have filed Motions for Bills of Particulars [Doc. 60 and Doc. 67]. These motions have not been adopted and apply only to the Defendants who filed them. Defendant Belmares's motion [Doc. 60] moves the Court to enter an Order directing the Government to file a bill of particulars. Defendant Alejandro Barba's motion [Doc. 67] requests a bill of particulars and, in the alternative, requests that the Indictment be dismissed. Because Defendant Alejandro Barba's motion requests dismissal, it will be addressed in a Report and Recommendation to the District Court that will follow this Order.

In her motion, Defendant Belmares requests that the government particularize: the nature of the relationship between her and the co-defendants, the dates of the drug conspiracy, the acts involved in advancing the drug conspiracy, the amounts of cocaine involved, the amounts of marijuana involved, the dates of the money laundering conspiracy, the acts involved in advancing the money laundering conspiracy, and the names of others who participated in the acts underlying the conspiracies. [Doc. 60]. Defendant Belmares argues that the Indictment does not sufficiently inform her of the charges against her and risks her being placed in double jeopardy. [Doc. 60].

Pursuant to Federal Rule of Criminal Procedure 7(f), the Court may direct the Government to file a bill of particulars. "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375

4

(6th Cir. 1993) (citations omitted). The granting of a bill of particulars is within the trial court's discretion. See id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other grounds by statute, United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

First, Defendant Belmares requests that the Court require that the Government "particularize the nature of the relationship" between her and her co-defendants. Defendant Belmares has not alleged how such information would either prevent surprise at trial or prevent her being subjected to double jeopardy. Therefore, the Court will not order the Government to comply with this vague request for information.

Thereafter, Defendant Belmares seeks descriptions of all acts in further of the conspiracies alleged in the Indictment, the amounts of marijuana and cocaine involved in such acts, the dates of such acts, and the names of all others involved in such acts. As to the acts themselves, the dates of such acts, and the amounts of marijuana and cocaine, the Sixth Circuit has previously held that "a defendant is not entitled to discover all the overt acts that might be proven at trial." Salisbury, 983 F.2d at 1375. At the hearing, Defendant Belmares outlined a number of reasons why such information would be helpful. However, the Court is not convinced that such information is necessary to protect Defendant Belmares's rights, nor does the Court find that such information is necessary to assure that Defendant Belmares is sufficiently apprised of what she must be prepared to meet at trial or to assure that she is charged with accuracy so as not to be subjected to double jeopardy. See Russell v. United States, 369 U.S. 749, 763-764 (1962). Accordingly, the Court finds that the Defendant is not entitled

to a bill of particulars regarding the overt acts of the conspiracy, their dates and times, and the amounts of illegal drugs involved in such acts.

The Defendant also seeks the names of "each and every person" involved in each overt act of the conspiracy. The Sixth Circuit has held that "the Government is not required to furnish the name of all other co-conspirators in a bill of particulars." United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004). Further, "a defendant is not entitled to a list of the names and addresses of the government's witnesses." United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir. 1993). The Court notes that only one coconspirator remains unidentified, and based upon the case law of this circuit, the Court finds that the Government is not required to produce the names of any unidentified coconspirators or other witnesses, whose identities are known to the grand jury.

Finally, Defendant Belmares requests that the Court require the Government to particularize the dates on which she and her co-defendants conspired to distribute marijuana and cocaine and the dates on which she and her co-defendants conspired to launder money. The Sixth Circuit has approved the provision of the dates that a defendant is alleged to have conspired. See, e.g., United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991) (observing that the defendant knew the relevant dates in holding that he was not entitled to know the names of co-conspirators). On the other hand, the failure to provide the precise date that a defendant joined a conspiracy when the indictment alleged it lasted from "early 1987 to November 17, 1987," was not error because "the indictment was not so vague that [the defendant] could not discern the nature of the charges pending against him and the time frame in which the alleged acts occurred, or that the indictment did not provide him with adequate information to prepare a defense." United States v. Hayes, 1989 WL 105938, at * 3 (6th Cir. 1989).

6

At the hearing, the Court acknowledged that in prior cases it has instructed the Government to provide a bill of particulars clarifying dates where the conspiracy lasted for several years. See United States v. McGhee, 3:06-CR-19, 2007 WL 1296009 (E.D. Tenn., Shirley, M.J., May 1, 2007) (granting motion for bill of particulars as to the dates of the conspiracy where the conspiracy was alleged to have lasted from January 2000 to approximately November 2005). In the present case, the conspiracy is alleged to have lasted a relatively short period, approximately seven months. Such a period, a matter of months, is not analogous to cases in which the defendant is expected to answer for a conspiracy alleged to have occurred over a period of several years. The time period is short enough to allow Defendant Belmares to obtain the information needed to prepare a defense and to prevent her from the danger of a second prosecution on the same crimes.

Based on the foregoing, the Court finds that a bill of particulars is not necessary in the present case. Accordingly, Defendant Belmares's Motion for Bill of Particulars **[Doc. 60]** is **DENIED**.

**D.** **Conclusion**

Finally, the Court notes that Defendant Alejandro Barba's Motion to Dismiss Counts One and Two of the Indictment, Or In the Alternative to Obtain a Bill of Particulars of the Indictment **[Doc. 67]** and Motion to Dismiss Count One as Duplicitous **[Doc. 72]** will be addressed in a Report and Recommendation to the District Court that will follow this Order. Defendant Alfredo Barba's Motion for Severance of Count Three of the Superseding Indictment **[Doc. 97]** will be addressed in a second Report and Recommendation to the District Court that will also follow this Order.

Accordingly,

> 1. The Motions for Pretrial Written Summaries of Expert Testimony, the Motions for Pretrial Notice of the Government's Intent to Use Evidence, the Motions for Discovery and Inspection, and the Motions for Pretrial Notice of Use of 404(b)-Type Evidence **[Docs. 63, 64, 65,**

7

**66, 68, 69, 70, and 71]** are **DENIED AS MOOT**;

2. Defendant Belmares's Motion for Brady Materials **[Doc. 62]** as adopted by Defendant Quirez and Defendant Alfredo Barba is **DENIED AS MOOT**;

3. Defendant Alejandro Barba's Motion for Discovery of Witness Lists **[Doc. 74]** and a Motion for Discovery of the Government's Use of Informants **[Doc. 76]** are also **DENIED AS MOOT**;

4. Defendant Belmares's Motion for Bill of Particulars **[Doc. 60]** is **DENIED**;

5. Defendant Alejandro Barba's Motion for a Bill of Particulars **[Doc. 67]** and Motion to Dismiss Count One as Duplicitous **[Doc. 72]** will be addressed in a Report and Recommendation to the District Court that will follow this Order; and

6. Defendant Alfredo Barba's Motion for Severance of Count Three of the Superseding Indictment **[Doc. 97]** will be addressed in a second Report and Recommendation to the District Court that will also follow this Order.

**IT IS SO ORDERED**.

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge