UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CR-46 |
| | ) | (PHILLIPS/SHIRLEY) |
| ALFREDO BARBA, | ) | |
| ALEJANDRO BARBA, | ) | |
| VERONICA BELMARES, and | ) | |
| REYNALDO QUIREZ, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court, as may be appropriate. On February 10, 2009, this matter came before the Court for a hearing to address two pending, nondispositive motions: Defendant Alfredo Barba's Motion to Continue the Trial Date [Doc. 126] and Defendant Alfredo Barba's Motion to Reply Late to the Government's Response to the Motion to Dismiss [Doc. 127].

At the hearing, Assistant United States Attorney Tracee Plowell was present representing the Government. Attorney Phillip Lomonaco was present representing Defendant Alfredo Barba. Attorney Ysidro Arismendez was present via telephone representing Defendant Alejandro Barba. Attorney Tracy Jackson Smith was present via telephone representing Defendant Veronica Belmares, and Attorney Jonathon Wood was present representing Defendant Reynaldo Quirez. Defendant Alfredo Barba, Defendant Alejandro Barba, Defendant Veronica Belmares, and Defendant Reynaldo Quirez were not present at the hearing.

The Court first addressed the Motion to Continue. Attorney Lomonaco explained that the Motion to Dismiss Count Three [Doc. 120], which is currently pending before the Court, involved complicated and nuanced immigration issues and counsel required additional time to prepare for a hearing and be heard on the issue. Attorney Lomonaco also noted that in addition to holding a hearing on the Motion to Dismiss, the undersigned would need time to make a report and recommendation to the District Court, the parties would need time to make any objections to the report and recommendation, and the District Court would need time to rule on whether to adopt the report and recommendation. The Government and other defendants agreed with Attorney Lomonaco's characterization of the situation and time needed, and neither the Government nor the other defendants objected to the motion. All the parties agreed that any time between the hearing and the new trial date would be fully excludable for purposes of the Speedy Trial Act. 18 U.S.C. § 3161.

Based on the foregoing, the Court finds the Defendant's Motion to Continue **[Doc. 126]** is well-taken, and it is **GRANTED**. The Court finds that the ends of justice served by granting the motion outweigh the best interest of the public and the defendants in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that the hearing on the motion, deliberation by this court, opportunity for objection, and opportunity for deliberation and decision by the District Court will require approximately four months to complete and would be impossible to complete prior to the trial date, which was currently set for February 10, 2009, the day of the hearing. Thus, a continuance is required to allow the parties the reasonable time necessary to prepare for trial even taking into account counsel's due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Notwithstanding due diligence by counsel, the new trial date of June 23, 2009, is also necessary to allow for

2

continuance of counsel, in light of pending obligations of counsel in this matter.  Id.

In light of these findings and its granting of the motions, the Court set a new trial date of June 23, 2009.  The Court finds that the period of time between the filing of the Motion to Dismiss [Doc. 120] on January 6, 2009, and its disposition shall be fully excludable as provided by the Speedy Trial Act.  18 U.S.C. § 3161(h)(1)(F).  Further, the Court finds that the period between the hearing on February 10, 2009, and the new trial date of June 23, 2009, shall be fully excludable as provided by the Speedy Trial Act for the reasons explained more fully above.  18 U.S.C. § 3161(h)(8)(A)-(B).

The Court set a hearing on Defendant Alfredo Barba's Motion to Dismiss [Doc. 120].  The Court has reviewed 8 U.S.C. § 1326(d), which limits collateral attack of underlying deportation orders, to those instances where an alien has demonstrated that: (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair.  The parties jointly moved for a bifurcated evidentiary hearing on whether the Defendant has shown the three prongs required for collateral attack under § 1326(d).

The Sixth Circuit has not made a definitive pronouncement on the degree of prejudice that must be shown to satisfy the third prong of § 1326(d), and as the parties concede, there is disagreement among the Courts of Appeals on the necessary degree of prejudice.  Because the proof and arguments relating to the third prong will be much more intensive than the proof and arguments relating to the first and second prongs of § 1326(d), the Court will address the first two prongs at a hearing to be held **February 25, 2009, at 1:00 p.m.**  Should the Court find that the Defendant has

3

satisfied both the first and second prongs of § 1326(d), the Court will determine the appropriate degree of prejudice that must be demonstrated under the third prong, and a second hearing will be held. Due to the complex nature of Count Three, the parties have been advised that the Court will accept supplemental briefs to clarify the issues pertinent to the Motion to Dismiss, and the parties are invited to file such briefs should they feel such are appropriate and necessary.

Finally, the Court also addressed Defendant Alfredo Barba's Motion to Reply Late to the Government's Response to the Motion to Dismiss **[Doc. 127]**. The Government had no objection to the granting of the motion. The Court finds the motion to be well-taken, and accordingly, it is **GRANTED**. The Court will accept the Defendant's Reply **[Doc. 128]**, which has already been provisionally filed with the Court.

In summary:

>1. Defendant Alfredo Barba's Motion to Continue **[Doc. 126]** is **GRANTED**;
>
>2. The trial in this matter is reset for **June 23, 2009, at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Court Judge;
>
>3. The Court finds that the period of time between the filing of the motion to dismiss on January 6, 2009, and the new trial date of June 23, 2009, shall be fully excludable as provided by the Speedy Trial Act;
>
>4. An evidentiary hearing will be held on **February 25, 2009, at 1:00 p.m.**, to address the Motion to Dismiss [Doc. 120] and collateral attack of the previous deportation order, specifically, the first two prongs of § 1326(d);

5. A second hearing on the Motion to Dismiss will be scheduled, only if it is necessary, after the first hearing; and

6. Defendant Alfredo Barba's Motion to Reply Late to the Government's Response to the Motion to Dismiss **[Doc. 127]** is **GRANTED**.

**IT IS SO ORDERED**.

ENTER:

　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge

5

Case 3:08-cr-00046-PLR-CCS   Document 130   Filed 02/11/09   Page 5 of 5   PageID #: 451