# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:08-CR-46 |
| ) | (Phillips) |
| ALFREDO BARBA ) | |

## MEMORANDUM AND ORDER

On May 14, 2009, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed an 20-page Report and Recommendation (R&R) [Doc. 148] in which he recommended that defendant's motion to dismiss Count Three of the superseding indictment [Doc. 120] be denied.

This matter is presently before the court on defendant's timely objections to the R&R [Doc. 150]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court finds itself in agreement with Judge Shirley's thorough analysis of the legal issues arising from the hearing conducted by him on March 20, 2009. Consequently, defendant's objections will be overruled, the R&R will be accepted in whole, and the underlying motion to dismiss will be denied.

Defendant has been charged with illegal reentry to the United States after an order of deportation. Defendant has also been charged with conspiracy to distribute and possess with intent to distribute cocaine hydrochloride and marijuana, and conspiracy to commit money laundering. Defendant seeks to collaterally attack the 1998 deportation order which serves as a predicate element of Count Three (illegal reentry) on due process grounds and on the grounds that the Immigration Court erroneously characterized his DWI offenses as aggravated felonies.

As noted by the magistrate judge, a defendant may not challenge the validity of the underlying deportation order unless the three statutory conditions contained in 8 U.S.C. § 1326(d) are satisfied. *United States v. Martinez-Rocha,* 337 F.3d 566, 568 (6th Cir. 2003). The defendant must demonstrate that (1) he exhausted any administrative remedies that may have been available to seek relief against the order, and (2) the deportation proceedings at which the order was issued improperly deprived the [defendant] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. 18 U.S.C. § 1326(d).

The defendant argues that he timely prepared his Notice of Appeal, but the detention facility in which he was housed delayed in mailing it. However, defendant admits that he has no proof that detention facility staff intentionally delayed his mailing, interfered with his mailing, or acted in bad faith to prevent the mailing. The General Instructions given to defendant stated that no step toward delivering the Notice of Appeal to the BIA, short of

actual receipt, would suffice as meeting the filing deadline. The court agrees with the magistrate judge that "defendant should have considered the time necessary for the Notice to travel through the detention center and in the stream of postage and should have initiated the mailing process more than a mere four days before the Notice of Appeal was required to be received." Therefore, the court finds that by failing to file his appeal timely, defendant failed to exhaust his administrative remedies as required by § 1326(d)(1), and he is not entitled to collaterally attack his 1998 deportation order.

For the foregoing reasons, as well as the reasons articulated by Judge Shirley in his R&R, defendant's objections to the R&R [Doc. 150] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 148] is **ACCEPTED IN WHOLE.** Accordingly, defendant's motion to dismiss Count Three of the superseding indictment [Doc. 120] is **DENIED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge